UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THIERNO BAH

        <u>Plaintiff, in a class action on behalf of
himself and all other similarly situated</u>

   -against-

SHOE MANIA, INC., SHOE MANIA IX, INC.,
SHOE MANIA V, INC., SHOE MANIA VII, INC.,
SHOE MANIA XI, INC. and SHOE MANIA DC, INC.      Index: 08 CV 9380 (LTS)

      Defendants.

-----------------------------------------------------------------x


**PLAINTIFF'S AFFIRMATION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION
ISSUANCE OF COURT-APPROVED NOTICE AND DISCLOSURE OF POTENTIAL
PLAINTIFF CONTACT AND IDENTIFICATION INFORMATION TO FACILITATE
PLAINTIFF'S NOTICE TO ALL POTENTIAL CLASS MEMBERS**


By:
Mark Lubelsky, Esq. (ML7958)
David Gottlieb, Esq. (DG6986)

Dated:
New York, New York
January 29, 2009

MARK L. LUBELSKY & ASSOCIATES
ATTORNEYS FOR PLAINTIFF
123 WEST 18TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10011
(212) 242-7480

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT……………………………………………..   1

FACTUAL HISTORY………………………………………………..   1

ARGUMENT……………………………………………………………   2

I.   PROCEDURAL FOR COURT APPROVED ISSUANCE OF
     CLASS NOTICE……………………………………………………..   2

     a.   TWO-STEP APPROACH IN FLSA COLLECTIVE
          ACTIONS………………………………………………….   3

     b.   EXPIDITED NOTICE IS REQUIRED UNDER
          THE FLSA…………………………………………………   4

     c.   MINIMAL EVIDENTIARY BURDEN FOR
          ISSUANCE OF CLASS NOTICE……………………………   5

II.  ISSUANCE OF NOTICE IS APPROPRIATE AND NOTICE
     SHOULD BE ISSUED TO ALL PUTATIVE CLASS MEMBERS…….   8

          a.   ISSUANCE OF COURT-APPROVED NOTICE IS
               APPROPRIATE………………………………………   8

          b.   PLAINTIFF'S PROPOSED NOTICE TO THE
               PUTATIVE CLASS…………………………………..  12

III. DISCLOSURE TO FACILITE NOTICE IS NECESSARY…………….  12

IV.  PLAINTIFF IS ENTITLED TO DISCOVERY…………………….  13

CONCLUSION…………………………………………………………  15

# TABLE OF AUTHORITIES

PAGE(S)

## CASE LAW

Abrams v. General Electric Co., ............................................................
1996 WL 663889 (N.D.N.Y. 1996)

Anglada v. Linens 'N Things, Inc., ....................................................... 11
2007 WL 1552511 (S.D.N.Y. 2007)

Cuzco v. Orion Builders, Inc., ............................................................. 6
477 F.Supp.2d 628 (S.D.N.Y. 2007)

Dziennik v. Sealift, Inc., ...................................................................... 5
206 WL 1455464 (S.D.N.Y. 2006)

Francis v. A&E Stores, Inc.,................................................................. 3, 6
2008 WL 4619858 (S.D.N.Y. 2008)

Hoffman v. Sbarro, Inc., ...................................................................... 5, 7, 12
982 F. Supp. 249 (S.D.N.Y. 1997)

Hens v. ClientLogic Operating Corp.,.................................................... 6
2006 WL 2795620 (W.D.N.Y. 2006)

Hegney v. European Am. Bank, ............................................................ 7
122 F.R.D. 125 (E.D.N.Y. 1988)

In re Mortgagors of Temple-Inland Mortgage Corp,................................. 5
2001 WL 177181 (E.D.Pa 2001)

Iglesias-Mendoza v. La Belle Farm, Inc.................................................. 3, 6. 11
239 F.R.D. 363 (S.D.N.Y. 2007)

Jackson v. New York Tel. Co.,............................................................... 7
163 F.R.D. 429, 431 (S.D.N.Y. 1995)

Ledbetter v. Goodyear Tire & Rubber Co., Inc.,....................................... 4
550 U.S. 618 (2007)

Lee v. ABC Carpet & Home,.................................................................. 3
236 F.R.D. 193 (S.D.N.Y.2006)

Masson v. Ecolab, Inc., ...................................................................... 3, 4, 6
2005 WL 2000133 (S.D.N.Y. 2005)

McLaughlin v. Richland Shoe Co., ...................................................... 4
486 U.S. 128 (1988)

Neary v. Metropolitan Property and Casualty Insurance Co., .................... 4, 6
517 F.Supp2d 606 (D.Conn. 2007)

Parks v. Dick's Sporting Goods, Inc., .................................................. 3
2007 WL 913927 (W.D.N.Y. 2007)

Patton v. Thompson Corp., ................................................................ 5
364 F.Supp.2d 263 (E.D.N.Y. 2005)

Ruggles v. Wellpoint, Inc., ............................................................... 3, 4
2008 WL 4866053 (N.D.N.Y. 2008)

Scholtisnek v. Eldre Corp., ............................................................... 6
229 F.R.D. 381 (W.D.N.Y. 2005)

Schwed v. General Electric Co., ......................................................... 7
159 F.R.D. 373, 377 (N.D.N.Y. 1995)

Scott v. Aetna Services, Inc., ............................................................ 4
210 F.R.D. 261 (D.Conn. 2002)

Torres v. Gristede's Operating Corp., .................................................. 3
2006 WL 2819730 (S.D.N.Y. 2006)

## STATUTORY LAW

Fair Labor Standards Act, 29 U.S.C. 216(b), et seq.................................... 1, 2, 3, 4, 6, 7, 11, 12, 13

Fed. R. Civ. P. 23............................................................................. 3

## PRELIMINARY STATEMENT

Named Plaintiff Theirno Bah, commenced this action on behalf of himself and all other similarly situated employees, against Defendants Shoe Mania, Inc., Shoe Mania V, Inc., Shoe Mania VII, Inc., Shoe Mania IX, Inc., Shoe Mania XI, Inc. and Shoe Mania DC, Inc. (hereinafter collectively, "Defendant Shoe Mania") alleging unlawful labor practices under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. 216(b), and New York Labor Law. Plaintiff brings this motion for issuance of court-approved notice and for disclosure of identification and/or contact information of all potential class members.

## FACTUAL HISTORY

Plaintiff Theirno Bah was hired by Defendant Shoe Mania as a stockperson in a shoe store in or about July 2006. At all times Plaintiff was paid on an hourly basis at minimum wage, or close to minimum wage, rates that varied from approximately 6.75/hour to 8.15/hour. Throughout Plaintiff's term of employment with Defendant he was a full-time employee and worked more than forty hours per week. Plaintiff worked six or seven days each week and worked more than ten hours per day. Plaintiff's duties included but were not limited to maintenance of a warehouse, packing and unpacking goods and inventory. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah, attached hereto as Exhibit C)

Throughout Plaintiff's term of employment, Defendant Shoe Mania maintained a policy whereby it failed to adequately and lawfully compensate Plaintiff for his hours of employment. Defendant Shoe Mania failed to pay Plaintiff overtime premium compensation of one and one-half times the regular hourly rate of pay for hours he worked beyond forty hours per week. As a result of Defendant's unlawful employment practices, Plaintiff was unlawfully deprived of

1

wages that he was lawfully owed.  Defendant ultimately terminated Plaintiff in or about October

2007. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah, attached

hereto as Exhibit C)

During all times of Plaintiff's employment, Defendant employed many other employees

in the same and/or similar position.  Defendants subjected all its overtime non-exempt employees

to the same wage policies including failure to pay premium compensation of one and one-half

the regular hourly rate of pay for hours he worked beyond forty hours per week. (See, Verified

Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah, attached hereto as Exhibit C)

Plaintiff commenced this action on behalf of himself and all other similarly situated

employees with the purchase of an index number and service of the summons and complaint on

or about November 13, 2008.  Defendant interposed an Answer on or about December 8, 2008.

(See, Verified Complaint attached hereto as Exhibit A; Defendant's Answer attached hereto as

Exhibit B).  The present motion is brought for issuance of court-approved notice and disclosure

to facilitate such notice, so that prospective class member can be notified of the present action

and can execute their right to opt-in to the action.

## ARGUMENT

### I.    PROCEDURE FOR COURT-APPROVED ISSUANCE OF CLASS NOTICE

Section 216(b) of the Fair Labor Standards Act provides that an employee can bring an

action on behalf of him/herself and "other similarly situated employees".  Plaintiff is entitled

issuance of court-approved notice to potential class members because named Plaintiff Thierno

Bah, and other potential class members are sufficiently similarly situated.

### a. TWO-STEP APPROACH IN FLSA COLLECTIVE ACTIONS

This Court engages in a two-step approach when determining whether to allow litigation to proceed collectively under 216(b) of the FLSA, the section that permits an employee to bring an action "for and in behalf of himself or themselves and other employees similarly situated". Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y.2006); Iglesias-Mendoza v. La Belle Farm, Inc. 239 F.R.D. 363 (S.D.N.Y. 2007). The framework for this determination is as follows:

First, at an early stage in the litigation the Court must make an initial determination limited strictly to whether the named plaintiff and the potential class members are sufficiently "similarly situated" to support issuance of notice of the action to potential class members. If the named plaintiff and the proposed class members appear to be similarly situated, the Court shall order that the plaintiff may issue notice to all potential class members. Francis v. A&E Stores, Inc., 2008 WL 4619858 (S.D.N.Y. 2008); Masson v. Ecolab, Inc., 2005 WL 2000133 (S.D.N.Y. 2005).[1]

Once the Court approves issuance of notice to potential class members, potential class members are notified and provided with an opportunity to opt-in to the collective action. Iglesias-Mendoza v. La Belle Farm, Inc. 239 F.R.D. at 367("Potential class members are then notified and provided with the opportunity to opt in to the action"). For this reason, this first stage is often termed the "notice stage"[2]. Torres v. Gristede's Operating Corp., 2006 WL 2819730 (S.D.N.Y. 2006); Francis, 2008 WL at 4619858; Ruggles v. Wellpoint, Inc., 2008 WL 4866053 (N.D.N.Y. 2008); Parks v. Dick's Sporting Goods, Inc., 2007 WL 913927 (W.D.N.Y. 2007). All potential plaintiffs must then give consent in writing to become a party to the

---

[1] All unpublished case law is attached hereto as Exhibit J.
[2] Courts frequently refer to the determination at the "notice stage" in FLSA collective actions as "conditional certification", borrowing the term certification from Fed. R. Civ. P. 23, whereby a class must be formally "certified" to proceed collectively. This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) of the FLSA does not have any certification provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories in order to proceed collectively; namely, numerosity, commonality and typicality.

collective action and such consent must be filed in the court in which the action was brought. 29 U.S.C. 216(b).

Second, after a substantial period of discovery, the defendant will typically make a motion for "decertification". Masson, 2005 WL at 2000133(citing Scott v. Aetna Services, Inc., 210 F.R.D. 261 (D.Conn. 2002)). In the decertification motion, the Court will revisit the issue and conduct a more stringent analysis of whether the proposed class members are similarly situated to the named plaintiff. Neary v. Metropolitan Property and Casualty Ins. Co., 517 F.Supp.2d 606, 620 (stating, "fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant"). If the Court finds that the named plaintiff is not similarly situated to the other class members, the Court will then "decertify" the collective action and the named plaintiff will proceed individually. If the Court finds that the named plaintiff and the class members are similarly situated, the Court will deny the defendant's request for "decertification" and the action will proceed to discovery on the merits. Ruggles, 2008 WL at 4866053 (N.D.N.Y. 2008)("if discovery reveals that plaintiffs are not similarly situated with other employees, the court is in a position to decertify the conditional class.")

The matter at bar is currently in the first stage of this two-step process as the present motion simply seeks issuance of court-approved notice to all potential class members, advising of their right to opt-in to the present action.

### b. EXPEDITED NOTICE IS REQUIRED UNDER THE FLSA

It is imperative to note that the FLSA has only a two year statute of limitations, which is extended to three years for willful conduct. 29 U.SC. 255; McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988); Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618 (2007). The statute of limitations in FLSA actions continues to run for each individual until the potential

4

class member opts-in to the action. <u>Dziennik v. Sealift, Inc.</u>, 2006 WL 1455464 (S.D.N.Y. 2006).

Given the short statute of limitations, an injured employee's claims "die daily" until they opt-in to the collective action, so long as the employee has been subjected to unlawful employment practices for a period of more than two or three years. <u>Hoffman v. Sbarro, Inc.</u>, 982 F. Supp. 249 (S.D.N.Y. 1997)(expedited notice necessary because an injured employee's claims "die daily" until they opt-in to the collective action). This situation gives "rise to a need to identify and provide notice to potential class members, promptly." <u>Dziennik</u>, 206 WL at 1455464 (S.D.N.Y. 2006)(citing <u>In re Mortgagors of Temple-Inland Mortgage Corp</u>, 2001 WL 177181 (E.D.Pa 2001)); <u>see also</u>, <u>Patton v. Thompson Corp.</u>, 364 F.Supp.2d 263 (E.D.N.Y. 2005)(stating "early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time barred during the discovery phase of the case")

For every employee that has been subjected to unlawful wage practices for more than two or three years, every day that passes before the employee opts-in to this action constitutes an injury for which the employee will never be able to recover. Therefore, it is imperative that class notice be expedited.

### c. MINIMAL EVIDENTIARY BURDEN FOR ISSUANCE OF CLASS NOTICE

It is well established that at the "notice stage", a plaintiff has an extremely low evidentiary burden to demonstrate he/she is similarly situated to the putative class members. This low standard of proof is necessary because minimal, if any, discovery has occurred at this stage thereby obviating Plaintiffs ability to meet a more stringent evidentiary burden. Additionally, the low evidentiary burden facilitates the expedited notice that is so imperative given the daily expiration of claims under the statute of limitations.

At this initial stage, "a representative plaintiff has only a minimal burden to show that he [or she] is similarly situated to the potential class." Cuzco v. Orion Builders, Inc., 477 F.Supp.2d 628 (S.D.N.Y. 2007); see also, Scholtisnek v. Eldre Corp., 229 F.R.D. 381 (W.D.N.Y. 2005)(stating, "A plaintiff's burden is minimal, especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one"); Francis, 2008 WL at 4619858 (holding plaintiff's burden as "a fairly lenient standard" which "typically results in 'conditional certification' of a representative class'); Neary, 517 F.Supp2d at 620 (D.Conn. 2007) (stating "conditional certification requires a lax showing of 'similarly situated.'); Iglesias-Mendoza v. La Belle Farm, Inc. 239 F.R.D. 363 (S.D.N.Y. 2007) (stating "if the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met, the court certifies the class as a collective action")

Neither at the present "notice stage" nor at any point in a collective action under Section 216(b) of the FLSA is Plaintiff under any obligation to satisfy the requirements for certification under Federal Rule of Civil Procedure 23; namely, numerosity, commonality and typicality. Hens v. ClientLogic Operating Corp., 2006 WL 2795620 (W.D.N.Y. 2006); Scholtisnek., 229 F.R.D. at 381 (W.D.N.Y. 2005).

The Court's obligation in deciding to conditionally certify an FLSA collective action was recently summarized by this Court in Masson v. Ecolab, Inc., *supra*, as follows:

> In this early phase, courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate. "The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995). Plaintiffs meet this burden by "making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffman*, 982 F.Supp. at 261. The court must determine whether there is a "factual nexus between the [named plaintiff's]

6

situation and the situation of other current and former [employees]." *Id.* at 262.

Masson, 2005 WL at 2000133.

The FLSA does not provide any guidance as to the definition of the term "similarly situated" and the term must therefore be interpreted on a case-by-case basis, using common law *ad-hoc* principles for direction. The Courts hold that a plaintiff and the putative class are similarly situated when the plaintiff "and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffman, 982 F. Supp. at 261. Collective treatment under Section 216(b) is not determined based on whether a plaintiff and the putative class perform the same job functions, work in the same location, or were employed in the same department. Hoffman, 982 F.Supp. at 264 (issuance of notice granted to all current and former managers and co-managers, or persons holding equivalent positions, however titled, who worked overtime and were not properly paid); Abrams v. General Electric Co., 1996 WL 663889 (N.D.N.Y. 1996); Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995); Hegney v. European Am. Bank, 122 F.R.D. 125 (E.D.N.Y. 1988); Schwed v. General Electric Co., 159 F.R.D. 373, 377 (N.D.N.Y. 1995).

It is abundantly clear from the established case law that a named plaintiff in an FLSA collective action need only present a "minimal" or "modest" factual showing for issuance of notice to potential class members. At this stage, a named plaintiff need only meet a "low burden" in establishing the plaintiff and the proposed class were together victims of a common unlawful scheme perpetrated by their employer.

## II.   ISSUANCE OF COURT-APPROVED NOTICE IS APPROPRIATE AND NOTICE SHOULD BE ISSUED TO ALL PUTATIVE CLASS MEMBERS

### a.   ISSUANCE OF COURT-APPROVED NOTICE IS APPROPRIATE

Plaintiff presents overwhelming evidence to meet the "minimal" evidentiary standard for issuance of court-approved notice. Plaintiff has substantial evidentiary support for his allegations that Defendant Shoe Mania has company-wide policies that deprive not only Plaintiff but all overtime non-exempt employees that work and have worked at any of the many Shoe Mania retail locations at any time during the last three years. Plaintiff Thierno Bah and all overtime non-exempt employees that work and have worked at any of the many Shoe Mania retail locations at any time during the last three years "were together victims of a single decision, policy or plan." (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C)

Plaintiff was an employee of Defendant Shoe Mania from approximately July 2006 to October 2007. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C). Throughout the duration of his employment, Plaintiff Thierno Bah was an overtime non-exempt employee at multiple retail locations of Defendant Shoe Mania. Defendant Shoe Mania admitted that it employs other employees in the same and/or similar position to Plaintiff Thierno Bah.    (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C; Defendant's Answer attached hereto as Exhibit B, at 4).

Throughout the duration of his employment with Defendants, Plaintiff Thierno Bah, and all overtime non-exempt employees, worked approximately six or seven days per week, and approximately ten to twelve hours per day. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C). Plaintiff Thierno Bah, and all overtime non-exempt employees, often worked more than 70 hours in a week. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C).

8

Defendant Shoe Mania systematically deprived all overtime non-exempt employees of their overtime premium compensation for hours worked over 40 hours per week. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C).

Defendant Shoe Mania was clearly cognizant that its wage policies were unlawful. Defendant engaged in the unusual practice of providing its overtime non-exempt employees with a professionally printed and produced check for a total of exactly 40 hours per week (or 80 hours for two weeks). (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C; Paycheck Stubs attached hereto as Exhibit D). Defendant Shoe Mania provided its overtime non-exempt employees with cash payments for the hours the non-exempt employees worked over 40 hours per week. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C). This was clearly an attempt by Defendant to hide and conceal its unlawful wage and hour policies and avoid paying its employees the wages to which they are lawfully owed. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C). Defendant Shoe Mania intentionally failed to provide overtime non-exempt employees with the proper wages of one and one-half times the regular rate of pay for hours worked over 40 hours per week. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C).

Defendant Shoe Mania even had enough hubris to document its unlawful policy of failing to provide overtime non-exempt employees with overtime premium compensation. (See, Verified Complaint attached hereto as Exhibit A; Affidavit of Thierno Bah attached hereto as Exhibit C; Itemized Payment Slips attached hereto as Exhibit E). Defendant Shoe Mania provided its overtime non-exempt employees with miniature payment slips (hereinafter, "Itemized Payment Slips") that itemized the amount that Defendant Shoe Mania paid to each employee in cash, and in check, for a given pay period. (See, Affidavit of Thierno Bah attached

9

hereto as Exhibit C; Itemized Payment Slips attached hereto as Exhibit E). These Itemized Payment Slips were provided to all overtime non-exempt employees. (See, Affidavit of Thierno Bah attached hereto as Exhibit C; Itemized Payment Slips attached hereto as Exhibit E)

While Plaintiff certainly disagrees with any temporal limitations set forth by Defendant, Defendant Shoe Mania admitted that "[Plaintiff Thierno] Bah did not receive 'overtime pay', but only 'straight-time' pay for all hours worked from August 19, 2007 through October 28, 2007." (See, Correspondence dated December 10, 2008, attached hereto as Exhibit F). Defendant Shoe Mania's payroll records affirmatively demonstrate that Plaintiff Thierno Bah did not receive premium overtime compensation throughout the period from August 19, 2007 through October 28, 2007. (See, Defendant's Payroll Records re: Thierno Bah, attached hereto as Exhibit G)

Defendant would like the Court to believe that this clearly sophisticated and engineered scheme was used only used on one employee in its many New York City retail locations. However, Plaintiff Thierno Bah has personal knowledge that all overtime non-exempt employees at all Shoe Mania retail location were subjected to the same unlawful practices described herein. (See, Affidavit of Thierno Bah attached hereto as Exhibit C). In particular, Plaintiff Thierno Bah's friend and former Shoe Mania co-worker named Matar Samb, was subjected to the same scheme whereby he was denied premium overtime compensation. (See, Affidavit of Thierno Bah attached hereto as Exhibit C). Plaintiff Thierno Bah, has personal knowledge that Defendant Shoe Mania provided Mr. Samb with professionally printed checks for merely 40 hours per week, and paid him in cash for the remainder of his hours, without any overtime premium compensation. (See, Affidavit of Thierno Bah attached hereto as Exhibit C). Plaintiff Thierno Bah has personal knowledge that Defendant Show Mania provided Mr. Samb with the Itemized Payment Slips that documented the amount that Defendant Shoe Mania paid him in cash and in check each pay period. (See, Affidavit of Thierno Bah attached hereto as Exhibit C).

10

There is no question that issuance of court-approved notice is required in these circumstances. Plaintiff has presented far more than the "minimal" or "modest" showing that named Plaintiff Thierno Bah is similarly situated to all overtime non-exempt employees of Defendant Shoe Mania, as the entire putative class was "together victims of a single decision, policy or plan" to be deprived such employees of overtime premium compensation.

Additionally, at this preliminary stage, a named plaintiff's allegations of willful conduct are sufficient to support defining the class based upon the three-year statute of limitations. As in the matter at bar, "where there has been no substantive discovery as to the appropriate temporal scope of the prospective class of member plaintiffs, and where the Plaintiff has alleged a willful violation of the FLSA, it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective action certification process." Anglada v. Linens 'N Things, Inc., 2007 WL 1552511 (S.D.N.Y. 2007); Iglesias-Mendoza., 239 F.R.D. at 369 ("[W]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action.")(See, Verified Complaint attached hereto as Exhibit A)

Accordingly, the Court should grant issuance of notice to all overtime non-exempt employees at all Shoe Mania retail locations within the past three years.

### b. PLAINTIFF'S PROPOSED NOTICE TO THE PUTATIVE CLASS

When the Court makes the preliminary determination that the named plaintiff is similarly situated to the putative class, class-wide notice of the action is necessary so that all potential plaintiffs are provided an opportunity to opt-in to the action. Iglesias-Mendoza, 239 F.R.D. at 367("Potential class members are then notified and provided with the opportunity to opt in to the action"). A collective action depends "on employees receiving accurate and timely notice

11

concerning the pendency of the collective action, so that they can make informed decisions about whether to participate" Hoffman, 493 U.S. at 170. The court-authorized notice prevents "misleading communications," and any appearance of impropriety by either party. Id. at 172.

Attached hereto as Exhibit I is Plaintiff's proposed Notice to the putative class members. Plaintiff respectfully requests the Court's approval of the enclosed Notice form. Plaintiff proposes that the Notice and consent forms be mailed via first-class mail and/or email to all overtime non-exempt employees at all Shoe Mania retail location in the last three years prior to the filing of the Complaint. Additionally, because the statute of limitations is daily destroying the injured employees' ability to collect damages, Plaintiff also requests that Defendants post the Notice prominently and conspicuously on bulletin board and/or locations frequented by Defendants' employees at each Shoe Mania retail location.

## III.    DISCLOSURE TO FACILITATE NOTICE IS NECESSARY

The Court's grant of issuance of notice to all class members has no teeth if Plaintiff does not have access to identification and contact information of potential plaintiffs, which is in the exclusive possession and control of the Defendants. Plaintiff respectfully requests that Defendants disclose to Plaintiff the identities, by name, last known address, telephone number and private email address of all potential class members. Such information is crucial in identifying potential opt-in plaintiffs so that their rights with regard to this action may be preserved. Plaintiff requests that such information be disclosed within seven days of the Court's order as all such information should be readily and easily available to Defendant Shoe Mania, and the interests of justice require a prompt disclosure.

The defendant in an FLSA collective action is generally required to immediately disclose the names and addresses of the potential plaintiffs. Hoffman, 493 U.S. at 170 ("District Court

12

was correct to permit discovery of the names and addresses [of potential plaintiffs]'). In any event, Defendant Shoe Mania affirmatively alleged and agreed that "...if the action were conditionally certified, they [Plaintiff's counsel] would receive contact information for all employees." (See, Affirmation of Richard Howard dated December 23, 2008 attached hereto as Exhibit H)

Plaintiff respectfully requests that because the information is likely stored on a computer database, to facilitate notice, Defendants ought to produce the requested information both in electronic and hard-copy format.

## CONCLUSION

Plaintiff Thierno Bah has established far beyond the mere "minimal" evidentiary standard required to show that that he and all overtime non-exempt employees at all Shoe Mania retail locations over the last three years are similarly situated as victims of Defendant Shoe Mania's unlawful scheme to deprive such employees of overtime premium compensation. Plaintiff is entitled to issuance of court-approved notice so that potential class members can be fairly and adequately notified of their right to opt-in to the action, thereby preserving their claims and halting the deprivation of such claims by the statute of limitations. To facilitate a fair and adequate notice to the potential class members, the Court should approve Plaintiff's proposed notice and Defendant Shoe Mania should disclose to Plaintiff the identification and contact information of all potential class members within seven days of the Court's order.

WHEREFORE, Plaintiff respectfully requests an order granting Plaintiff issuance of court-approved notice to all class members, and disclosure from Defendants to Plaintiff of the

identification and contact information of all potential class members within seven days of the

Court's order, and for other and further relief deemed just and proper by the Court.


Dated: New York, NY                    MARK L. LUBELSKY & ASSOCIATES
       January 29, 2009

                                 Mark Lubelsky, Esq.

                                 David Gottlieb, Esq.

                                 Attorneys for Plaintiffs
                                 123 West 18th Street, 8th Floor
                                 New York, NY 10011
                                 (212) 242-7480