UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THIERNO BAH,

                Plaintiff,         :

      -against-                :        **08 Civ. 9380 (Swain, J.)**

SHOE MANIA IX, INC., SHOE MANIA  :
V, INC., SHOE MANIA VII, INC., SHOE
MANIA XI, INC. and SHOE MANIA,    :
INC.,

            Defendants.    :
-----------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OR TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

BY:  RICHARD M. HOWARD (RMH-2932)
ATTORNEYS FOR DEFENDANTS

LAW OFFICES
MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
THE CHANCERY
190 WILLIS AVENUE, MINEOLA, NY 11501

## TABLE OF CONTENTS

PAGE

**TABLE OF AUTHORITIES**…………………………………………………..i, ii, iii

**PRELIMINARY STATEMENT**……………………………………………………1

**POINT I**………………………………………………………………………………2
**THE PREVIOUSLY SERVED OFFER OF JUDGMENT**
**MOOTS THE ACTION**……………………………………………………………..2

**POINT II**……………………………………………………………………………6
**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**
**DOES NOT RESTORE SUBJECT MATTER JURISDICTION**
**LOST BY THE MOOTING OF THE PLAINTIFF'S**
**CLAIM**……………………………………………………………......................6

**POINT III**…………………………………………………………………………12
**SHOULD THIS ACTION CONTINUE, THE**
**PROPOSED NOTICE REQUIRES MODIFICATION**…………………………..12

**CONCLUSION**……………………………………………………………………14

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

Abercrombie & Fitch Co.,
2008 WL 4702840 (S.D.N.Y. 2008) ................................................................... 10

Abrams v. Interco Inc.,
719 F.2d 23(2dCir.I983) ................................................................................. 3

Ambalu v. Rosenblatt,
194 F.R.D. 451 (E.D.N.Y. 2000) ...................................................................... 4

American Pipe & Const. Co. v. Utah,
414 U.S. 538 (1974) ....................................................................................... 7

Briggs v. Arthur T. Mott Real Estate LLC,
2006 WL 3314624 (E.D.N.Y. 2006) .............................................................. 4, 5

Broth, of Locomotive Engineers Div. 269 v. Long Island Railroad Co.,
85 F.3d 35 (2d Cir. 1996) .............................................................................. 5

Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck,
433 F.3d 181 (2d Cir. 2005) ........................................................................... 3

Conan v. Equitable Capital Management Corp.,
774 F.Supp. 209 (S.D.N.Y. 1991) .................................................................... 9

Crown, Cork & Seal Co., Inc. v. Parker,
462 U.S. 345 (1983) ...................................................................................... 7

Darboe v. Goodwill Industries of Greater N.Y. & Northern NJ, Inc.,
485 F.Supp.2d 221 (E.D.N.Y. 2007) ............................................................ 4, 5

DeFunis v. Odegaard,
416 U.S. 312 (1974) ...................................................................................... 6

Dumitrescu v. Mr. Chow Enterprises, Ltd.,
2008 WL 2600667 (S.D.N.Y. 2008) ................................................................. 8

Earl v. Novartis Consumer Health, Inc.,
2008 WL 4274468 (S.D.N.Y. 2008)........................................................................7

Flood v. Kuhn,
407 U.S. 258(1972)...............................................................................................9

Fox v. Board of Trustees of State University of New York,
42 F.3d 135 (2d Cir.1994) ..................................................................................3, 6

Garcia v. Elite Labor Service, Ltd.,
1996 WL 33500122 (N.D.Ill. 1996)......................................................................13

Gjurovich v. Emmanuel's Marketplace, Inc.,
282 F.Supp.2d 101 (S.D.N.Y. 2003) ...............................................................12, 14

Guzman v. VLM, Inc.,
2007 WL 2994278 (E.D.N.Y. 2007) .....................................................................13

Hallissey v. America Online, Inc.,
2008 WL 465112  (S.D.N.Y. 2008)....................................................................13, 14

Hoffman v. Sbarro, Inc.,
82 F.Supp. 249 (S.D.N.Y. 1997)............................................................................8

Kremnitzer v. Cabrera & Rephen, P.C.,
202 F.R.D. 239 (N.D.Ill. 2001)............................................................................10

Liner v. Jafco, Inc.,
375 U.S. 301(1964)..............................................................................................6

Parker v. Risk Mgmt. Alternatives, Inc.,
204 F.R.D. 113 (N.D.Ill. 2001).............................................................................10

Reyes v. Carnival Corp.,
2005 WL 4891058 (S.D.Fla. 2005) .......................................................................11

Rubery v. Buth-Na-Bodhaige, Inc.,
494 F.Supp.2d 178 (W.D.N.Y. 2007) ..............................................................3, 5, 11

Simon v. Doe,
463 F.Supp.2d 466 (S.D.N.Y. 2006) .......................................................................3

Soler v. G&U. Inc.,
86 F.R.D. 524 (S.D.N.Y. 1980) ............................................................................................ 8

Sosna v. Iowa,
419 U.S. 393 (1975) ........................................................................................................... 7

U.S. Small Business Admin, v. Coqui Capital Management, LLC,
2008 WL 4735234 (S.D.N.Y. 2008) ................................................................................. 10

Vogel v. Am. Kiosk Mgmt,
371 F.Supp.2d 122 (D.Conn. 2005) .................................................................................... 4

Ward v. Bank of New York,
455 F.Supp.2d 262 (S.D.N.Y. 2006) .......................................................................... passim

Weiss v. Regal Collections,
385 F.3d 337 (3d Cir. 2004) ..................................................................................... 7, 8, 10

Yeboah v. Central Parking Systems,
2007 WL 3232509 (E.D.N.Y. 2007) .............................................................................. 4, 11


## FEDERAL STATUTES

28 U.S.C. § 1367(c)(3) ......................................................................................................... 5

29 USC § 201 ........................................................................................................................ 2


## FEDERAL RULES

Fed.R.Civ.P. 68 .................................................................................................................... 8


## OTHER AUTHORITIES

*The Riddle of Rule 68*, 54 Geo. Wash. L.Rev. 1, Roy D. Simon, Jr., (1985) ..................... 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THIERNO BAH,

            Plaintiff,          :

    -against-                  :    **08 Civ. 9380 (Swain, J.)**


SHOE MANIA IX, INC., SHOE MANIA  :
V, INC., SHOE MANIA VII, INC., SHOE
MANIA XI, INC. and SHOE MANIA,    :
INC.,

            Defendants.    :
-----------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OR TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

### PRELIMINARY STATEMENT

Plaintiff cannot avoid the mooting of his claim (by the previously served offer of judgment) by moving for conditional certification. The supporting affidavit of James Frusciante, which attaches the cashed payroll checks received by the Plaintiff shows that the Plaintiff did receive all payment for all hours worked (including payment at time and one half for hours above 40) in each week until the final 10 weeks of his employment. Consequently, the Offer of Judgment served by the Defendants more than compensates the Plaintiff and moots his claim.

As shown by the above and in all prior proceedings before this Court (e.g., the motion to quash) this is not a case in which the Defendants deny underpaying the Plaintiff or do not have payroll records to verify the amounts outstanding. Rather in the

case at bar the payroll records and cancelled paychecks of the Plaintiff leave no
undisputed genuine issue of material fact in dispute.  While there is a 10 week period at
the very end of the Plaintiff's employment in which he did not receive the proper
remuneration, that was rectified by the aforesaid Offer of Judgment and checks payable
to the Plaintiff provided in December of 2008.

Plaintiff has been made well aware of the fact that his claim is mooted.  The first
point of this brief is a copy of the Defendants' first point in their memorandum of law in
support of their motion to quash.  It is reproduced for the Court's convenience.

The Defendants also note that most of the employees in question, apparently
unbeknownst to the Plaintiff are exempt from the provisions of the Fair Labor Standards
Act.  Most are inside sales persons who earn more than half (1/2) of their income from
commissions.  Defendants would therefore seek a modification of the notice proposed by
the Plaintifff if a notice was determined to be necessary despite the mooting of the
Plaintiff's claim.

## POINT I

### THE PREVIOUSLY SERVED OFFER OF JUDGMENT MOOTS THE ACTION

It is well settled that where an offer of judgment is submitted to a plaintiff who
has asserted a claim under the Fair Labor Standards Act 29 USC § 201, et seq. for more
than he/she can possibly recover, no case or controversy remains and said claim for relief
is moot and should be dismissed.  In *Ward v. Bank of New York*, 455 F.Supp.2d 262, 268
-269 (S.D.N.Y.,2006), as in the case at bar, the plaintiff was, at best, owed a minor
amount of money for overtime work and an offer of judgment was made for more than
that amount.  The Court dismissed the Complaint and noted:

> In its Rule 68 offer of judgment, BONY offered
> Ward $1,000, plus reasonable attorneys' fees and
> costs. This is many times the amount due Ward
> under the FLSA, and consequently more than she
> could recover at trial.

More specifically, the Court in *Ward* stated:

> If Ward cannot demonstrate that BONY's offer of
> $1,000 fails to fully satisfy her claim, BONY's
> motion to dismiss must prevail.

The rationale for this well settled principle of law (to wit: the absence of any

remaining case or controversy) is aptly stated in *Rubery v. Buth-Na-Bodhaige, Inc.* 494

F.Supp.2d 178, 180 (W.D.N.Y.,2007):

> The jurisdiction of this Court is confined to actual
> cases and controversies. U.S. Const. Art. III sec. 2.
> When a defendant offers a plaintiff all of the relief
> she seeks, the plaintiff's personal stake in the
> litigation is vitiated, and the issues presented are no
> longer considered to be "live." *Fox v. Board of
> Trustees of State University of New York,* 42 F.3d
> 135, 140 (2d Cir.1994); *Simon v. Doe,* 463
> F.Supp.2d 466, 469 (S.D.N.Y.2006). In these
> circumstances, subject matter jurisdiction no longer
> exists and the case is subject to dismissal, since
> "there is no justification for taking the time of the
> court and the defendant in the pursuit of minuscule
> individual claims which defendant has more than
> satisfied." *Abrams v. Interco Inc.,* 719 F.2d 23, 32
> (2d Cir.1983). *See also Central States Southeast
> and Southwest Areas Health and Welfare Fund v.
> Merck,* 433 F.3d 181, 197-198 (2d Cir.2005); Fox,
> 42 F.3d 135 at 140.
>
> It is true that this principle has been applied in the
> context of certain FLSA collective actions where
> defendants have offered the maximum recovery
> sought by, or available to, plaintiff. Although the
> Second Circuit has yet to address the issue, district

courts in this circuit have held that a defendant's offer of judgment for a plaintiff's full damages, even if rejected, renders the case moot and subject to dismissal. *See Darboe v. Goodwill Industries of Greater N.Y. & Northern NJ, Inc.,* 485 F.Supp.2d 221, 223-24 (E.D.N.Y.2007); *Ward v. Bank of New York,* 455 F.Supp.2d 262, 267 (S.D.N.Y.2006); *Briggs v. Arthur T. Mott Real Estate LLC,* 2006 WL 3314624 at *3-*4 (E.D.N.Y.2006).

*Rubery* is one of a long line of cases that holds until additional persons have signed consents to join a collective FLSA action, the Defendant can moot the named Plaintiff's claim alone, by virtue of a Rule 68 offer of judgment affording the Plaintiff(s) complete relief. As stated in *Rubery:*

> Conversely, dismissal on mootness grounds is not appropriate where the offer fails to satisfy "all damages for all plaintiffs," such as where the amount owed to plaintiff is in dispute, **or where additional plaintiffs have opted in and not been extended offers of judgment.** *Ward,* 455 F.Supp.2d 262 at 267" (Emphasis added.)

*Accord, Yeboah v. Central Parking Systems* 2007 WL 3232509, 3 (E.D.N.Y.) where the court citing to *Rubery,* specifically stated:

> Thus, "where no other similarly situated individuals have opted in and the offer of judgment satisfies all damages of the plaintiff, plus all costs and attorney's fees ... courts have held that a Rule 68 offer of judgment moots an FLSA class action thereby depriving the court of subject matter jurisdiction." *Briggs v. Arthur T. Mott Real Estate LLC,* No. 06-0468, 2006 U.S. Dist. LEXIS 82891, at *6-7 (E.D.N.Y. Nov. 14, 2006) (citing, *inter alia, Ward v. Bank of New York,* 455 F.Supp.2d 262 (S.D.N.Y.2006); *Vogel v. Am. Kiosk Mgmt.,* 371 F.Supp.2d 122 (D.Conn.2005)). *Cf. Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y.2000)

> ("If a named representative's claim becomes moot
> before [Rule 23] class certification, the entire case
> is to be dismissed for lack of subject matter
> jurisdiction."). But where similarly situated
> individuals have "opted in," courts have refused to
> permit defendants to moot putative FLSA collective
> actions via Rule 68. *See, e.g., Rubery v. Buth-Na-*
> *Bodhaige, Inc.,* 494 F.Supp.2d 178, 180
> (W.D.N.Y.2007)

The Court in Rubery cited to both *Darboe v. Goodwill Industries of Greater N.Y.*

*& Northern NJ, Inc.,* 485 F.Supp.2d 221, 223-24 (E.D.N.Y.2007) and *Briggs v. Arthur T.*

*Mott Real Estate LLC,* 2006 WL 3314624 at *3-*4 (E.D.N.Y.2006). In each of these

cases state law claims were also dismissed as the Court declined to exercise pendant

jurisdiction in the absence of a federal case or controversy. In *Darboe* the Court stated:

> Where, as here, the dismissal of a federal claim
> leaves only state law claims for adjudication, the
> court has the discretion to exercise supplemental
> jurisdiction over any remaining state claims. *See* 28
> U.S.C. § 1367(c)(3). In such cases, the court should
> ordinarily decline the exercise of such jurisdiction.
> *Broth. of Locomotive Engineers Div. 269 v. Long*
> *Island Railroad Co.*, 85 F.3d 35, 39 (2d Cir.1996).
> In light of the foregoing, the court declines to
> exercise jurisdiction over any remaining state claim
> and dismisses the case in its entirety. Accord *Ward*,
> 455 F.Supp.2d at 270.

It is respectfully submitted that in the case at bar, the same rule should apply,

rendering the same result, to wit: dismissal of the action.

## POINT II

### PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION DOES NOT RESTORE SUBJECT MATTER JURISDICTION LOST BY THE MOOTING OF THE PLAINTIFF'S CLAIM

It is anticipated that Plaintiff will assert that the action should not be considered mooted because of the relatively early assertion of the Offer of Judgment and the recent filing of the motion for conditional certification. While certain courts have considered these types of arguments (seeking to avoid multiple FLSA suits against the same employer, etc.) the better rule remains as stated above. By way of example, In <u>Ward v. Bank of New York</u>, *supra,* the Court specifically considered same and nonetheless, granted the Defendant's motion to dismiss for lack of subject matter jurisdiction.

The filing of the Offer of Judgment for more than the Plaintiff can possibly recover moots the claim. This leaves no case or controversy for the Federal Court to determine. In the absence of such an extant case or controversy, the District Court does not have subject matter jurisdiction, <u>Fox v. Board of Trustees of State University of New York,</u> 42 F.3d 135, 139 -140 (2d Cir.1994), wherein the Court stated:

> Plaintiffs' "waiver" argument ignores the jurisdictional nature of the Article III requirement that federal courts adjudicate only "Cases" and "Controversies." *See DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 1705-06, 40 L.Ed.2d 164 (1974) (per curiam) ("The inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power*140 depends upon the existence of a case or controversy.' " (quoting *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964))).[FN2]

In Class actions, some courts have sought to avoid the effect of the mooting of the claim by asserting that when the class is certified, it will relate back to the filing of the

Summons and Complaint, leaving a case or controversy remaining at the time of service

of the Offer of Judgment, <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 346 -347 (3rd Cir.

2004), stating:

> There appears to be considerable authority that once a motion for class
> certification has been filed, the "relation back" doctrine explained by the
> Supreme Court in *Sosna v. Iowa,* 419 U.S. 393, 399, 95 S.Ct. 553, 42
> L.Ed.2d 532 (1975) comes into play. In *Sosna,* the Court recognized:
>
>> There may be cases in which the controversy involving the
>> named plaintiffs is such that it becomes moot as to them
>> before the district court can reasonably be expected to rule
>> on a certification motion. In such instances, whether the
>> certification can be said to 'relate back' to the filing of the
>> complaint may depend upon the circumstances of the
>> particular case and especially the reality of the claim that
>> otherwise the issue would evade review.

A Rule 23 Class Action allows a relation back because the statute of limitations

for all putative class members is tolled at least from the time the action is commenced

until the motion for certification is determined, <u>American Pipe & Const. Co. v. Utah</u>, 414

U.S. 538, 553, 94 S.Ct. 756, 766 (1974) ("… the commencement of the original class suit

tolls the running of the statute for all purported members of the class who make timely

motions to intervene after the court has found the suit inappropriate for class action

status.") *Accord,* <u>Crown, Cork & Seal Co., Inc. v. Parker</u> 462 U.S. 345, 350, 103 S.Ct.

2392, 2396 (1983) ("The filing of a class action tolls the statute of limitations "as to all

asserted members of the class," *id.,* at 554, 94 S.Ct., at 766, not just as to intervenors.");

<u>Earl v. Novartis Consumer Health, Inc.</u> 2008 WL 4274468, 4 (S.D.N.Y. 2008).

In an FLSA collective action, however, unlike a class action, there is no relation

back.  Plaintiff makes that clear in seeking conditional certification, recognizing that an

"opt-in" Plaintiff's statute of limitations runs from the filing of the consent to be a party

plaintiff and does not relate back to the commencement of the action. *See* Page 5 of

Plaintiff's Memorandum of Law in Support of Conditional Certification, citing to

Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y. 1997) for said proposition. In

*Hoffman*, the Court stated:

> Thus, under the FLSA, potential plaintiffs must "opt in" to a collective
> action to be bound by the judgment (and to benefit from it). Moreover,
> only by "opting in" will the statute of limitations on potential plaintiffs'
> claims be tolled. *See, e.g., Soler v. G & U, Inc.,* 86 F.R.D. 524, 528-29
> (S.D.N.Y.1980).[FN13]
>
> It is in part for this reason-the running statute of limitations-that
> plaintiffs urge the Court to authorize the sending of notice and "opt-in"
> consent forms to potential plaintiffs "whose claims continue to 'die daily.'
> "

*Accord,* Dumitrescu v. Mr. Chow Enterprises, Ltd. 2008 WL 2600667, 3 (S.D.N.Y.

2008) *"...*the statute of limitations is tolled only when a plaintiff submits the consent

form...."

Here, as FLSA collective claims do not relate back, there was no potential extant

case or controversy to provide subject matter federal jurisdiction at the time the Offer of

Judgment was made. The Offer mooted the action, leaving no case or controversy and no

subject matter jurisdiction.

If the legislature had not wanted Rule 68 to apply to class or collective actions,

the possibility existed. It was, in fact, proposed and rejected, *Weiss v. Regal Collections,*

*supra,* stating:

> No express statement limits the application of Fed.R.Civ.P. 68 in class
> actions. Proposed amendments to make Rule 68 inapplicable to class
> actions were suggested in 1983 and 1984, and they were rejected both
> times. The proposals read in part: "[t]his rule shall not apply to class or
> derivative actions under Rules 23, 23.1, and 23.2." *See* 98 F.R.D. at 363,

> 102 F.R.D. at 433. In support of the proposals, the Advisory Committee wrote: "An offeree's rejection would burden a named representative-offeree with the risk of exposure to heavy liability [for costs and expenses] that could not be recouped from unnamed class members.... [This] could lead to a conflict of interest between the named representatives and other members of the class." Advisory Committee's Note to Proposed Amendment to Rule 68, 102 F.R.D. at 436. *See also* Roy D. Simon, Jr., *The Riddle of Rule 68,* 54 Geo. Wash. L.Rev. 1, 52 (1985) (discussing rule changes and rationale for rejecting changes).

The legislature specifically considered and declined to eliminate the effect of a Rule 68 Offer of Judgment. Consequently, it is incumbent upon the courts to enforce the statute as it exists, without limitation upon the effect of the Rule 68 Offer of Judgment. In Conan v. Equitable Capital Management Corp., 774 F.Supp. 209, 211 (S.D.N.Y. 1991), the Court considered whether the New York State Human Rights Law permitted an award of punitive damages. The court determined it did not; the conclusive factor being that the New York State Legislature had specifically considered the inclusion of such a remedy and declined to enact such a statute. The Court stated:

> This construction is buttressed by the fact that in 1982 the New York State Assembly Committee on Human Rights recommended that the state court should be empowered to award exemplary damages in human rights cases. *In Pursuit of Justice,* Report of the N.Y. State Assembly Subcommittee on Human Rights, at 10 (March 25, 1982). This report referred to a pending bill which would have enacted such a change. However, that bill was never adopted. This confirms that the Legislature did not consider punitive damages to be available under the Human Rights Law.

In considering whether to limit the effect of a Rule 68 Offer of Judgment, the legislature chose inaction. This "positive inaction" is meaningful as it indicates the legislature's intention to provide no further restriction upon Rule 68, *see,* Flood v. Kuhn, 407 U.S. 258, 283-284, 92 S.Ct. 2099, 2112, 32 L.Ed.2d 728 (1972).

460423-1                                          9

Similarly, this Court, in construing the Small Business Investment Act, refused to preclude the arbitration of disputes because, "Congress passed the SBIA after the passage of the FAA, and was undoubtedly well aware of the potential for receivers to arbitrate disputes attendant to their receivership responsibilities. Tellingly, Congress declined to include any provision in the SBIA to preclude such arbitrations." U.S. Small Business Admin. v. Coqui Capital Management, LLC 2008 WL 4735234, 3 (S.D.N.Y. 2008).

Consequently, there is no basis for delaying the mooting of the Subject Action or considering the motion for conditional certification.[1] Congress was aware of the effects of Rule 68 Offers of Judgment and specifically declined to limit their application. Therefore, as stated most recently in Davis v. Abercrombie & Fitch Co. 2008 WL 4702840, 5 (S.D.N.Y. 2008) the law remains that a Rule 68 Offer of Judgment moots an FLSA claim unless other Plaintiffs have "opted in," or the amount may be insufficient to fully satisfy all of the named Plaintiff's potential claims:

---

1/    Some courts have tried to fashion a mid point, refusing to grant the motion provided the motion to conditionally certify was made during the 10 day open period of Rule 68, Weiss v. Regal Collections 385 F.3d 337, 346 (3rd Cir. 2004) ["As another approach, some courts have held a motion to certify the class filed within the Rule 68 ten-day offer period will avoid mootness. See Parker v. Risk Mgmt. Alternatives, Inc., 204 F.R.D. 113, 115 (N.D.Ill.2001) (claim not mooted where class certification motion filed before expiration of ten day period); Kremnitzer v. Cabrera & Rephen, P.C., 202 F.R.D. 239, 244 (N.D.Ill.2001) (same)"].    IN the case at bar, even this approach would result in the mooting of the claim.

However, courts have recognized two circumstances in which a Rule 68 offer does not moot an FLSA collective action. First, if additional plaintiffs have opted in, but have not been given offers of judgment, the case is not moot. [FN4] *See, e.g., Rubery v. Buth-Na-Bodhaige, Inc., 494 F.Supp.2d 178, 181 (W.D.N.Y.*2007); *Yeboah v. Central Parking Systems,* No. 06-CV-0128 (RJD)(JMA), 2007 WL 3232509, at \*4-5 (E.D.N.Y. Nov. 1, 2007). Second, even if no other plaintiffs have opted-in, courts have "denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." *Ward,* 455 F.Supp.2d at 267; *see Reyes v. Carnival Corp.,* No. 04-21861-CIV, 2005 WL 4891058, at \*3 (S.D.Fla. May 25, 2005) (given dispute over number of hours worked, "there is no basis for [the court] to conclude that the offer of judgment is definitively for more than the Plaintiff could recover at trial.");

.

# POINT III

## SHOULD THIS ACTION CONTINUE, THE
## PROPOSED NOTICE REQUIRES MODIFICATION

Should the action proceed despite the mooting of Plaintiff's claim, the notice proposed by Plaintiff requires modification as to: (a) the description of the collective group; (b) the addressee of proposed consents to become party plaintiffs; (c) the inclusion of contact information for counsel to the Defendants; (d) the inclusion of potential obligations of becoming a party plaintiff; and (e) the use of the term "class" in the Notice.

In the seminal decision of <u>Gjurovich v. Emmanuel's Marketplace, Inc.</u>, 282 F.Supp.2d 101, 106 -107 (S.D.N.Y. 2003) the Court made sure that the Notice would properly define the collective group to avoid including exempt employees. The Court required that the Notice state:

> Specifically, the Plaintiff seeks to sue on behalf of any and all employees who have worked at Emmanuel's Marketplace at any time within the three years preceding the present date (or who are currently employed there), *107 and who worked in a position in which they:
>
> a. Were paid a fixed salary each week rather than an hourly rate; and
>
> b. Spent no more than fifty percent of their time in management functions and also were not "in charge" of a regular department of the store; and
>
> c. Did not receive overtime compensation at the rate of time and one-half for any work they performed in excess of 40 hours each week.

460423-1                                          12

Here, most of the Defendants' employees, unlike the Plaintiff, are commission salespersons. Those who are exempt from the overtime provisions of the Fair Labor Standards Act (e.g., receive over one half of their income from sales commissions), would not be eligible for overtime compensation and should be advised they do not qualify before they accept the obligations of becoming a party plaintiff.

In the same vein, Notice recipients should be advised of their obligations should they choose to become party plaintiffs. In Hallissey v. America Online, Inc., 2008 WL 465112, 4 (S.D.N.Y. 2008) the Court required that the Notice advise recipients of their potential obligations to pay costs, testify and/or respond to written discovery requests. ("The notice shall notify the former CLs, in appropriate language, that if they opt in, they *may* be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs if they do not prevail.")

The proposed Notice also fails to include Defendants' counsel and makes Plaintiff's counsel the recipient of executed consents. Non-parties must have an equal opportunity to learn about this matter from either side. There must be an avoidance of any appearance of favoritism toward Plaintiff's counsel. In Guzman v. VLM, Inc. 2007 WL 2994278, 9 (E.D.N.Y. 2007) the Court considered these issues and required that executed consents be returned to the Clerk of the Court, not Plaintiff's counsel ["*See Garcia,* 1996 WL 33500122, at \*5 (noting that majority of courts direct parties to submit opt-in forms to clerk of court). Accordingly, the notice shall direct the recipients to submit their consent forms to the Clerk of Court, not to the plaintiffs' attorneys."] The Court also required that Defendants' counsel's contact information be provided as one from whom a non-party could learn about the case. The Court stated:

The defendants also contend the notice should advise potential class members that they can contact the defendants' attorneys for more information and that they can obtain copies of the complaint and answer. Def.'s Mem. 10. I find that it would be appropriate to notify potential class members that they can seek further information about the case, and to include the contact information of defense attorneys. *See Gjurovich, 282 F.Supp.2d at 107-08* (ordering that notice provide contact information on both attorneys and means to obtain further information).

Plaintiff also makes reference to Plaintiff's counsel as "class counsel" in Paragraph 4 of the proposed Notice. NO "class" certification has been sought, much less granted. Any reference to a class must be stricken from the proposed Notice, *Guzman, supra* ("" this language seems gratuitous, and may mislead potential class members as suggested by the defendant. Accordingly, plaintiffs are directed to strike the parenthetical reading "(the 'Class')" from the first page of their proposed notice.")

## CONCLUSION

Based upon the above and the moving affidavit of James Frusicante, it is respectfully submitted that the Subject Complaint should be dismissed in its entirety. Plaintiff's claim has been rendered moot, leaving no case or controversy before the Court and therefore no subject matter jurisdiction. Should the Court nonetheless continue with the action, Plaintiff's proposed notice should be modified as described above.

**WHEREFORE**, it is respectfully requested that Plaintiff's motion for conditional certification be denied in its entirety and the Defendants' motion for summary judgment, dismissing the Complaint for lack of subject matter jurisdiction be granted in its entirety

and the Defendants be awarded such other and further relief as this Court deems just and

proper.

Dated: Mineola, New York
       February 11, 2009

                     MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

                     By: _____
                         Richard M. Howard (RMH-2932)
                         Attorneys for Defendants
                         190 Willis Avenue
                         Mineola, New York 11501
                         (516) 747-0300

460423-1              15