UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

THIERNO BAH, on behalf of himself and
all others similarly situated,

       Plaintiff,

  -v-                                                             No.  08 Civ. 9380 (LTS)(AJP)

SHOE MANIA, INC., et al.,

       Defendants.

--------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

In this putative collective action for overtime pay under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 et seq., and the New York Labor Law, Plaintiff Thierno Bah ("Plaintiff") moves, inter alia, for a "conditional certification" of this collective action in the form of an order authorizing him to issue notice to other potential plaintiffs.  Defendants Shoe Mania, Inc., Shoe Mania IX, Inc., Shoe Mania V, Inc., Shoe Mania VII, Inc., Shoe Mania XI, Inc., and Shoe Mania DC, Inc. (collectively, "Defendants"), oppose Plaintiff's request in part and move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, or Rule 12(b)(1), for dismissal, on the basis of lack of subject-matter jurisdiction on grounds of mootness.

The Court has jurisdiction of Plaintiff's claims as plead in the complaint pursuant to 28 U.S.C. §§ 1331 and 1367.  The Court has reviewed thoroughly and considered carefully all of the parties' submissions and, for the reasons stated below, denies Defendants' motion and grants in part Plaintiff's motion.

BACKGROUND

According to Plaintiff's complaint filed on October 31, 2008, Plaintiff was a stockperson employed by Defendants from July 2006 to October 2007, and his duties included maintaining the warehouse, packing and unpacking goods and inventory. (Compl. ¶¶ 12, 13, 25, 33.) Plaintiff's hourly wage was from $6.75 to $8.15. (Id. ¶ 32.) Throughout this period, Plaintiff worked six or seven days a week, in shifts of approximately ten hours, but was not paid time-and-a-half overtime pay for each hour worked beyond forty hours, nor were employees with similar job titles or duties as Plaintiff paid proper overtime pay. (Id. ¶ 31.)

Plaintiff submitted a personal affidavit attesting to the above allegations in support of his motion for conditional certification. (See Aff. of Thierno Bah dated Jan. 21, 2009, annexed to Pl.'s Notice of Mot. as Ex. C.) In addition, Plaintiff avers that his regularly received paycheck only covered 40 hours of the work that he put in each week, and that the remaining payment for his overtime hours was both insufficient and made in the form of cash. (Bah Aff. ¶¶ 12, 13.) Plaintiff further avers that these payroll practices were imposed on all non-exempt employees, including a friend and former co-worker, along with other employees, including "retail employees," with whom Plaintiff spoke and whom Plaintiff observed. (Id. ¶¶ 21-28.)

Defendants, having extended to Plaintiff an Offer of Judgment of $6,603.75, moved for dismissal of Plaintiff's claims on grounds of mootness. The proffered amount reflected, inter alia, Defendants' calculation of actual overtime wages owed to Plaintiff (no amount was specified in the complaint or in Plaintiff's affidavit) and liquidated damages under the relevant statutes. Defendants also offered $1,700 in attorneys fees (representing four hours of work at $350 an hour) and $300 in costs and expenses. (See Pl.'s Notice of Mot. Ex. E.) Plaintiff submitted affidavits and affirmations in response, disputing these calculations. (See Pl.'s Opp'n Exs. B, H.) In addition, Plaintiff proffers

an affidavit from Mohamed Diallo ("Diallo"), a stockperson working for Defendants, who avers that he and other non-exempt employees also were not paid the proper amount for their overtime work, and a consent by Diallo opting-in as a party plaintiff in this action.  (See Pl.'s Opp'n Exs. C, G.)

DISCUSSION

Plaintiff's federal claim is premised on Section 216(b) of the FLSA.  This section provides a private right of action to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions.  "Section 216(b) allows such a case to be brought as a collective action, that is, an action by one or more employees for and in behalf of himself [or herself] or themselves and other employees similarly situated."  Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quotation and citation omitted).  "Unlike a class action lawsuit brought pursuant to Federal Rule of Civil Procedure 23, in an FLSA collective action, only potential plaintiffs who 'opt in' can be 'bound by the judgment' or 'benefit from it.'"  Id. (citations omitted).

The Court first addresses Defendants' motion for dismissal on the grounds that Plaintiff's action is moot, and then addresses Plaintiff's motion for an order authorizing the issuance of a notice to potential plaintiffs in this putative collective action.

*Mootness*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case."  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  "When a defendant offers the maximum recovery available to a plaintiff, the Second Circuit has held that the case is moot and

'there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied.'" Ward v. Bank of New York, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (quoting Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983)). "Courts have, however, denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." Id. (citing cases).

"Courts also have refused to allow Rule 68 offers of judgment to moot actions where additional plaintiffs have opted in to the FLSA collective action, but have not been made offers of judgment by defendant." Ward, 455 F. Supp. 2d at 268 (citing cases). "Furthermore, courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment at the earliest possible time." Id. (citing cases, quotations omitted).

The Court has considered thoroughly the cases cited and arguments made by both sides as to whether dismissal on mootness grounds is appropriate. Even if the amount recoverable by Plaintiff were not in dispute, it cannot be said at this early stage, in the context of a potential collective action under the FLSA, that Defendants' offer of judgment moots this action. Plaintiff filed his motion for an order directing Defendants to turn over contact information of its employees and authorizing the issuance of an opt-in notice to potential plaintiffs only a few months after the complaint was filed, and an additional plaintiff has already opted in. Under these circumstances, this action is not mooted by Defendants' offer of judgment, which only purports to cover Plaintiff's claims. See Yeboah v. Central Parking Sys., No. 06 Civ. 0128 (RJD)(JMA), 2007 WL 3232509, *4 (E.D.N.Y. Nov. 1, 2007) (dismissal on mootness grounds inappropriate because an additional plaintiff had opted in); Rubery v. Buth-Na-Bodhaige, Inc., 494 F. Supp. 2d 178, 181 (W.D.N.Y. 2007) (dismissal on mootness grounds premature where motion was made prior to the court's

determination of plaintiff's pending motion for certification as a collective action); Ward, 455 F. Supp. 2d at 269-70 (dismissal appropriate in part because no other plaintiffs had opted in over the course of a year); cf. Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339 (1980) ("Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification . . . obviously would frustrate the objectives of class actions."). Accordingly, Defendants' motion for dismissal on grounds of mootness is denied.

*Issuance of Notice to Opt-in*

Plaintiff seeks the "conditional certification" of his collective action in the form of an order permitting him to issue a notice (a proposed draft of which is attached to Plaintiff's papers) to other past and present non-exempt employees of Defendants who have similar grievances concerning inadequate overtime pay, to inform them of the current action and their rights under Section 216(b) of the FLSA to opt-in to this lawsuit, and directing that Defendants disclose to Plaintiff the identities by name, last known address, telephone number and private email address of all potential class members, within seven days of the Court's order.

"Although FLSA § 216(b) has no provision for issuing notice in a collective action, it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs." Gjurovich, 282 F. Supp. at 104 (citing cases). "A court may authorize notice in an FLSA collective action if the plaintiff demonstrates that other[] potential plaintiffs[] are 'similarly situated' to him or her." Id. (citations omitted). "To demonstrate that such potential plaintiffs are similarly situated to him or her, a plaintiff must make a 'modest factual showing sufficient to demonstrate that [he or she] and potential plaintiffs together were victims of a common

policy or plan that violated the law.'" Id. (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "A plaintiff's burden is minimal, especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one." Id. (quotations and citation omitted).

    The Court has considered carefully all of Plaintiff's proffered evidence and concludes that Plaintiff has demonstrated at this stage that notice should be issued to stockpersons and warehousemen who currently work or did such work in the same facilities as Bah and Diallo in the past three years, and that Defendants should be ordered to provide the contact information of such employees to Plaintiff, but that Plaintiff's burden has not been met with respect to other employees.[1] Both Bah and Diallo aver that they were employed as stockpersons sometime in the last three years, that they were deprived of adequate overtime pay as the result of Defendants' policies, and that other "non-exempt" employees were deprived of overtime pay, based on (at least with respect to Bah) generalized observations of and conversations with these employees. However, their affidavits fail to describe in any non-conclusory fashion what types of job functions these other employees had, what job titles they held, why they were non-exempt, or where the other employees worked. The affidavits' repeated and conclusory use of the "non-exempt" label for these employees does not suffice to meet Plaintiff's minimal burden of establishing that such employees were actually non-exempt.

    For the foregoing reasons, and because Defendants do not dispute that "stockpersons"

---

[1] Plaintiff requests that Defendants' arguments against the issuance of a notice to certain employees, as well as Defendants' other proposed changes to the notice, be addressed at a separate conference before the Court rather than in motion practice. Plaintiff has had ample opportunity to provide the evidence necessary to meet his "minimal" burden and respond to Defendants' argument, oral argument on this issue would not be an efficient use of judicial resources, and the Court's decision in this regard is without prejudice to Plaintiff's future applications to issue notice to additional groups of employees.

and "warehousemen" were non-exempt positions,[2] Plaintiff's application is granted insofar as it seeks to provide collective action notice to persons whom Defendants employed as stockpersons or warehousemen within the past three years in the facility or facilities in which Bah and Diallo worked. Defendants must provide to Plaintiff the names, last known addresses, telephone numbers and private email addresses of those persons, no later than seven days from the issuance of this Memorandum Opinion and Order. Potential plaintiffs will have 60 days from the mailing of the notice to file opt-in elections.

        The Court has also considered thoroughly Defendants' proposed changes to the notice form and finds them to be largely reasonable and appropriate. As indicated on Exhibit A hereto, Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they <u>may</u> be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial and/or (4) pay litigation costs. <u>See</u> <u>Hallissey v. America Online, Inc.</u>, No. 99-CIV-3785 (KTD), 2008 WL 465112, *4 (S.D.N.Y. Feb. 19, 2008) (requiring notice to potential plaintiffs of such obligations). The notice must also include the contact information of counsel for Defendants as one source from whom potential plaintiffs could obtain information. <u>See id.</u> The Court also agrees that any reference to a "class" would be unduly misleading to a layperson, given that this action is not brought as a class action. Lastly, for reasons already discussed, the notice issued must be addressed to "stockpersons and/or warehousemen" rather than to the blanket category of "non-exempt employees." Defendants' request to require potential plaintiffs wishing to be represented by Plaintiff's counsel to file their consents directly to the Clerk of Court, however, is denied.

        Accordingly, Plaintiff is authorized to issue an opt-in notice to potential plaintiffs.

---

[2]     It is not clear whether "stockpersons" and "warehousemen" are the same position. In any case, this order applies to both job titles.

Attached as Exhibit A is the Court's markup of Plaintiff's proposed notice, reflecting the above rulings. The parties may file, no later than **May 27, 2009**, with courtesy copies provided for Chambers, written responses to the Court's markup. A separate order will be entered promptly thereafter, specifying the required content of the notice.

Plaintiff's motion is denied in all other respects. The denial of Plaintiff's request for authorization to notify other categories of non-exempt employees is, however, is without prejudice to any future motion for conditional certification as to potential plaintiffs not covered by the above rulings, premised on evidentiary proffers that justify such certification.

## CONCLUSION

For the foregoing reasons, Defendants' motion for dismissal on grounds of mootness is denied, and the Court grants Plaintiff's motion for certification in part and denies Plaintiff's motion in all other respects without prejudice. Defendants are ordered to provide to Plaintiff the names, last known addresses, telephone numbers and private email addresses of stockpersons and warehousemen who worked in the same facility or facilities in which Bah and Diallo worked in the last three years, no later than seven days from the issuance of this order, and the parties are permitted to respond, no

later than May 27, 2009, to the Court's proposed notice that is appended to this Memorandum Opinion and Order as Exhibit A. The Clerk of Court is respectfully requested to terminate Docket Entry Nos. 13 and 17.

SO ORDERED.

Dated: New York, New York
       May 13, 2009

LAURA TAYLOR SWAIN
United States District Judge

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**THIS IS NOT A SOLICITATION FROM A LAWYER**

**PLEASE READ THIS NOTICE**

Dear Sir or Madam:

If you are or were an hourly or overtime ~~non-exempt employee~~ (Stockperson and/or warehouseman) at a "Shoe Mania" ~~retail store~~, and you are currently employed in that position or were employed in that position within three years prior to the date of this notice, and you did not receive overtime compensation, you may be entitled to wages that you are lawfully owed.

[specify addresses of pertinent facilities] locations

### 1. WHY DID I GET THIS NOTICE?

The purpose of this legal notice is to inform you that a lawsuit has been filed against Shoe Mania, Inc., and affiliated entities (hereinafter, "Shoe Mania") for unpaid overtime wages, and that you may be eligible to join the lawsuit.

The Court has authorized this notice so that other individuals who may be "similarly situated" to the original plaintiff can become aware of their rights and join the lawsuit or not at their choice.

# 

This notice advises you about how your rights may be affected by this lawsuit and how you may participate in this lawsuit, if you decide you wish to do so.

### 2. WHAT IS THE LAWSUIT ABOUT?

Plaintiff Thierno Bah, a former Shoe Mania stockperson, filed the lawsuit against "Shoe Mania" on October 31, 2008. He alleges that Shoe Mania violated the Federal Fair Labor Standards Act by not paying certain eligible Shoe Mania employees overtime compensation at the rate of time and one-half for all hours worked in excess of 40 hours in a work week. Defendant Shoe Mania disagrees, and claims it properly paid its employees all wages they were owed. The lawsuit is captioned *Thierno Bah v. Shoe Mania, Inc., et al.*, No. 08-Civ-9380.

### 3. WHO MAY JOIN THE LAWSUIT?

1

If you are currently employed as an ~~overtime non-exempt employee~~ at any Shoe Mania ~~retail location~~, or were employed as a ~~overtime non-exempt employee~~ at any Shoe Mania ~~retail location~~ within three years prior to the date of this notice, then you are eligible to join this lawsuit. Joining this lawsuit does not mean that you are automatically entitled to any money, only that the lawyers who represent you will try and obtain money for you. The Court may determine further rights, including the right for the case to continue on a consolidated basis.

*[handwritten annotations: "facility" / "listed in the opening paragraph of this Notice" / "an" / "stockperson and/or warehouseman" / "such" / "and you did not receive full compensation for overtime work"]*

### 4. HOW DO I JOIN?

If you fit ~~within the definition of the class members described above,~~ you may join this lawsuit in either of two ways:

*[handwritten: "meet the eligibility requirements described in paragraph 3"]*

(1) You may join this lawsuit by ~~reading, completing~~ the attached form entitled, "Consent to Become Party Plaintiff" and ~~returning to class~~ counsel at the ~~addresses~~ listed below. The return envelope is pre-addressed and postage-paid for your convenience. Should the enclosed Consent form be lost or misplaced, forms are available at http://www.mllassociates.com/shoemaniacase or you may contact ~~class~~ counsel at the below address:

*[handwritten: "(read and complete)" / "(Submit it to Plaintiffs)" / "agreeing to hire Plaintiff's counsel to represent you. If you choose this option, you must" / "Plaintiffs"]*

Mark Lubelsky, Esq.
Mark L. Lubelsky & Associates
123 West 18th Street, 8th Floor
New York, New York 10011

Phone:  (212) 242-7480
Fax:    (646) 619-4631
Email:  mark@mllassociates.com
        dgottlieb@mllassociates.com
        shoemaniacase@mllassociates.com

The Consent form must be sent to ~~class~~ counsel in sufficient time to have plaintiffs' counsel file it with the Court on or before [insert date that is 60 days from the date of notice mailing]. If you fail to ~~return~~ the "Consent to Become Party Plaintiff" form to ~~class~~ counsel in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate as a plaintiff in this lawsuit.

*[handwritten: "Plaintiffs" / "submit" / "Insert from p.3"]*

-OR-

(2) You may also join the lawsuit by retaining another lawyer of your own choosing. If you do so, your attorney must file an "opt-in" consent form with

2

(Clerk of)
the Court on or before [insert date that is 60 days from date of notice mailing].
The address of the Court is:

> United States District Court
> Southern District of New York
> United States Courthouse
> 500 Pearl Street
> New York, NY 10007-1312
> Attn: Clerk of the Court

The Clerk of the Court cannot give legal advice about this lawsuit.

*[ask the Court to award them]*

## 5. WHAT HAPPENS IF I JOIN?

*[insert to p. 2]*

If you choose to join in this lawsuit, you will be bound by the Judgment in this lawsuit, whether it is favorable or unfavorable to you.

If you join the lawsuit by signing and ~~returning~~ *Submitting* the "Consent to Become Party Plaintiff's form, ~~the lawyers for the class~~ will represent you. These lawyers are *(hired)* ~~representing the class~~ on a contingency basis. They will not get paid unless they obtain money for you ~~and the class~~. If there is a recovery, the ~~class~~ lawyers ~~will receive a~~ part of *(paid by)* any settlement obtained or money judgment obtained in favor of all ~~members of the class~~ *(plaintiffs)*. The amount they will get paid will be determined by the Court.

*(attached to this Notice)*
*(who originally filed this lawsuit)*
*(other plaintiffs who have joined this action)*

## 6. AND IF I DO NOT JOIN?

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the lawsuit in any way and will not be bound or affected by the result of the lawsuit (whether favorable or unfavorable).

If you decide not to join the lawsuit, you retain your right to bring a similar lawsuit on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within **2 years** of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within **3 years.**

## 7. NO RETALIATION PERMITTED

Federal law prohibits the defendant from discharging you from your position of employment or in any other manner penalizing you or discriminating against you because you received this notice or join this lawsuit, or because you in any other way exercise your rights under the Fair Labor Standards Act.

## 8. FURTHER INFORMATION

*(If you join this lawsuit, you may be asked to appear for depositions, respond to written discovery, and/or testify at trial. You may also be liable for litigation costs associated with this lawsuit.)*

3

Additional information can be obtained from the lawyers listed in Paragraph 4 or from the website also listed in Paragraph 4.

You may also examine the Court file in this case, in person, at the U.S. Courthouse, 500 Pearl Street, New York, NY 10007-1312.

Other than in-person requests to examine the file at the Clerk's Office, no inquiries concerning this case should be directed to the Court or to the Clerk of the Court.

DATED: _____, 2009

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.**

**THE COURT TAKES NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANT'S DEFENSES OR COUNTERCLAIMS.**

You may also contact Defendants' lawyer, Neil H. Greenberg, Sr., Esq., for more information, at the below address:

Neil H. Greenberg, Sr., Esq.
Neil H. Greenberg & Associates, P.C.
900 Merchants Concourse, Suite 214
Westbury, NY 11590
Phone: (516) 228-5100
Fax: (516) 228-5106
Email: denise@nhglaw.com

4

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to be a party plaintiff in the above-captioned lawsuit in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b), as set forth in the Complaint.

I hereby designate Mark L. Lubelsky & Associates to represent me in this suit.

_____
Signature

_____
Print Name

_____
Street Address

_____
Apartment/Floor/Suite Number

_____
City, State and Zip Code

5